IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

<u>Greenville Division</u>

| | | |
|---|---|---|
| Patrick L. Booker; and Jennifer L. Booker, | ) | 2;22-CV-2179-DCC-MGB |
| PLAINTIFFS, | ) | C/A No. _____ |
| V. | ) | |
| | ) | |
| Nancy Merchant, Mailroom Director of | ) | **COMPLAINT** |
| Perry Correctional Institution, | ) | **(Jury Trial Requested)** |
| DEFENDANT. | ) | |
| _____ | ) | |

**NOW COMES** the Plaintiffs, Patrick L. Booker and Jennifer L. Booker, who, proceeding pro se, hereby bring this Complaint against the Defendant, Nancy Merchant, and the Plaintiffs will show unto this Honorable Court as follows:

### PARTIES AND JURISDICTION

(1) The Plaintiff Patrick L. Booker is a citizen of the United States and of the state of South Carolina residing at 103 Rock Knoll Drive located in Greenwood, South Carolina. During all times relevant to this matter, Patrick Booker was an inmate incarcerated within the South Carolina Department of Corrections and was being housed at Perry Correctional Institution located in Pelzer, South Carolina.

(2) Plaintiff Jennifer L. Booker is a citizen of the United States and of the state of South Carolina residing at 103 Rock Knoll Drive located in Greenwood, South Carolina.

(3) Defendant Nancy Merchant is, upon information and belief, a citizen of the United States and of the state of South Carolina residing in upstate Greenville. Defendant Merchant was an employee of the South Carolina Department of Corrections, as the mailroom/postal director for Perry Correctional Institution, during all times relevant. Defendant Merchant was acting under the color of law at the time(s) she deprived Plaintiffs of their clearly established constitutional rights and, therefore, Defendant Merchant is being sued in her individual/personal capacity for monetary damages.

(4) This Court has original jurisdiction over the subject matter pursuant to the Court's federal question jurisdiction. See Title 28 United States Code Section 1331.

## STATEMENTS OF FACT

(5) The South Carolina Department of Corrections (hereinafter "SCDC") promulgated and implemented an official policy and procedure, PS-10.08, tilted "Inmate Correspondence Privileges" wherein the SCDC "recognizes the importance of an inmate's desire to correspond with family members, attorneys, and others.

(6) Prison officials often pay lip service to the idea that correspondence is important, but the reality is often quite different.

(7) On July 1, 2019 Plaintiff Jennifer Booker (hereinafter "Mrs. Booker") mailed a printed copy of the Universal Declaration of Human Rights to Plaintiff Patrick Booker (hereinafter "Mr.

Booker") who was being housed at Perry Correctional Institution (Perry) as an incarcerated inmate.

(8) On or about July 5, 2019, Defendant Nancy Merchant (hereinafter "Ms. Merchant"), upon information and belief, received the afore-said correspondence addressed to Mr. Booker from Mrs. Booker in the mailroom at Perry.

(9) Ms. Merchant rejected and withheld the printed pages of the Universal Declaration of Human rights from Mr. Booker as "internet material" which, under section 6.1.9 of SCDC policy PS-10.08, may not be mailed in while an inmate is assigned to and housed in the Restrictive Housing Unit (hereinafter "RHU"). Although Mr. Booker was assigned to and housed in the RHU during all times relevant to the claims and causes of action of this complaint, there was absolutely no indication on the printed pages of the Universal Declaration of Human Rights that the same was printed from the internet. Therefore, Ms. Merchant had no basis to reject and withhold the printed pages from Mr. Booker while he was housed in the RHU.

(10) On July 9, 2019, Mr. Booker requested Ms. Merchant to notarize his proxy marriage affidavit in which Mr. Booker declared his intent and his consent to enter a lawful marriage with Mrs. Booker. However, Ms. Merchant refused to notarize Mr. Booker's affidavit.

(11) Mr. Booker subsequently informed Ms. Merchant that the U.S. Supreme Court has long held that prisoners possess a right to marry while incarcerated and that she was unlawfully interfering with his right to marry while incarcerated by refusing to notarize his proxy marriage affidavit. Mr. Booker advised Ms. Merchant that he would file a grievance and a lawsuit against her, if necessary, to enforce his rights. Ms. Merchant then notarized Mr. Booker's proxy marriage affidavit.

(12) Shortly afterward, however, Ms. Merchant became evil and imbued with retaliatory animus whereupon she began to obstruct Mr. Booker's correspondence letters addressed to Mrs. Booker by refusing to allow Mr. Booker to use his embossed postage envelopes to send mail to Mrs. Booker. In fact, Ms. Merchant rejected six (6) letters written by Mr. Booker which he addressed to Mrs. Booker and attempted to mail to Mrs. Booker using embossed postage envelopes.

(13) Prior to Mr. Booker's expressed intent to file a grievance and lawsuit against her, Ms. Merchant allowed Mr. Booker to use his embossed postage envelopes to correspond with Mrs. Booker while housed in the RHU. However, after Mr. Booker's exercise of his First Amendment rights, Ms. Merchant began to obstruct Mr. Booker's attempts to correspond with Mrs. Booker by refusing to allow him to use the only envelopes he possessed. Ms. Merchant's retaliation had a chilling effect upon Mr. Booker's exercise of his First Amendment rights.

(14) By unjustifiably obstructing Mr. Booker's six attempts to correspond with Mrs. Booker, Defendant Merchant violated the First Amendment rights of Mr. Booker to send mail to Mrs. Booker as well as violated the First Amendment rights of Mrs. Booker to receive mail from Mr. Booker. See, e.g., Procunier v. Martinez, 416 U.S. 396 (1974) ("Both the addressee as well as the sender of direct personal correspondence derives from the First and Fourteenth Amendment a protection against unjustified governmental interference with the intended communication.").

## **CLAIM/CAUSE OF ACTION**

(15) Defendant Nancy Merchant is liable unto both Plaintiffs for violating their clearly established federal constitutional rights under the First Amendment to send and receive mail without unjustified governmental interference and to be free from retaliation.

## PRAYER FOR RELIEF

(16) **WHEREFORE**, having made the foregoing complaint, the Plaintiffs pray that this Court will enter a judgment granting them the following relief:

(A)  A jury trial on all issues triable by jury;

(B)  A declaration that Defendant Merchant violated Plaintiffs,

(C)  An award of compensatory, punitive, and nominal damages.

(D)  Plaintiffs' costs in this action, and any additional relief the Court may deem just and proper.

## VERIFICATION

I, Patrick L. Booker/Jennifer L. Booker, verify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. See 28 U.S. C. 1746.

**EXECUTED AT GREENWOOD, SOUTH CAROLINA THIS** \_\_\_4th\_\_\_ day of July 2022.

*Patrick L. Booker*          *Jennifer L. Booker*

Patrick L. Booker, Pro Se     Jennifer L. Booker, Pro Se