IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Patrick L. Booker and Jennifer L. Booker, | ) ) ) | Case No. 2:22-cv-02179-DCC-MGB |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| Nancy Merchant, | ) ) | |
| Defendant. | ) ) ) | |

This matter is before the Court upon Defendant's Motion to Dismiss.  ECF No. 41.
In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this
matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial
proceedings and a Report and Recommendation ("Report").   On March 30, 2023, the
Magistrate Judge issued a Report recommending that the Motion be granted in part and
denied in part.  ECF No. 49.  Defendant filed objections to the Report.

## <u>STANDARD OF REVIEW</u>

The Magistrate Judge makes only a recommendation to this Court.   The
recommendation has no presumptive weight, and the responsibility to make a final
determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The
Court is charged with making a de novo determination of any portion of the Report of the
Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or
modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

As an initial matter, the Court finds that the Magistrate Judge provides a thorough recitation of the relevant facts and the applicable law, which the Court incorporates by reference. The Magistrate Judge recommends granting the Motion to Dismiss as to Plaintiff Jennifer L. Booker's ("Ms. Booker") claim for First Amendment retaliation claim and denying the Motion as to Plaintiffs' First Amendment claims and Plaintiff Patrick L. Booker's ("Mr. Booker") First Amendment retaliation claim. Further, the Report recommends finding that Plaintiffs have not alleged a constitutional violation based on Defendant's reluctance to sign the proxy marriage affidavit. As no party has objected to these recommendations, the Court has reviewed these portions of the Report for clear error. Finding none, the Court adopts these portions of the Report and dismisses Ms. Booker's retaliation claim and finds there have been no allegations related to any reluctance to sign the proxy marriage certificate. The Court now turns to Defendant's objections.

### *Eleventh Amendment Immunity*

In her Motion, Defendant argues that she is entitled to immunity pursuant to the Eleventh Amendment. She contends that all of Plaintiffs' claims are brought against her in her official capacity; therefore, they should be dismissed. The Magistrate Judge provided a detailed analysis of this issue and concluded that this action has been brought against Defendant, at least in part, in her individual capacity. In her objections to the Report, Defendant contends that the Magistrate Judge should have recommended that any claims brought against her in her official capacity should have been dismissed and generally reiterates that all of Plaintiffs' claims were brought against her in her official capacity. While ostensibly brought as one objection, the Court believes that there are two issues at play here.

With respect to Defendant's brief and conclusory argument in her objections that all claims against her are in her official capacity, the Court finds that the Magistrate Judge provided a well-reasoned and detailed analysis of this argument. The Court adopts and incorporates the Magistrate Judge's discussion of this issue into this Order by reference and overrules Defendant's objection accordingly. *See* ECF No. 49 at 4–8.

With respect to Defendant's argument that the Magistrate Judge failed to grant the Motion to Dismiss to the extent Plaintiffs bring any claims against her in her official capacity, the Court is of the opinion that this was a scrivener's error that is easily remedied.

The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415

U.S. 651, 663 (1974).  Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the United States Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1890), held that the purpose of the Eleventh Amendment, that is protection of a state treasury, would not be served if a state could be sued by its citizens in federal court.  State agencies and state instrumentalities share this immunity when they are the alter egos of the state.  *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997).  A state may consent to a suit in a federal district court.  *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984).  However, S.C. Code Ann. § 15-78-20(e) expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state.

State officers sued for damages under § 1983 in their official capacities are not "persons" for purposes of the suit, since they assume the identity of the government that employs them.  A defendant who is sued in an official capacity action is entitled to the immunities that the governmental entity possesses.  As has been held by other courts, prison officials are state officials for purposes of Eleventh Amendment sovereign immunity.  *See Belfield v. Bowmen*, No. 5:19-CT-3310-FL, 2021 WL 4476625, at *3 (E.D.N.C. Sept. 29, 2021); *Drayton v. McMaster*, No. 22-CV-2750-TMC-MGB, 2021 WL 4596665, at *4 (D.S.C. Aug. 10, 2021), *report adopted,* 2021 WL 4260780 (D.S.C. Sept. 20, 2021).  Accordingly, any claims for monetary damages against Defendant in her official capacity are barred by Eleventh Amendment immunity.

*Failure to State a Claim*

The Magistrate Judge determined that Plaintiffs have alleged sufficient facts to state plausible claims for retaliation as to Mr. Booker and for First Amendment violations as to both Plaintiffs. Defendant argues that Plaintiffs have not alleged an actual injury because they do not allege that Mr. Booker was actually precluded from sending letters to Ms. Booker.

As explained in more detail by the Magistrate Judge, at this procedural posture, Plaintiffs have sufficiently alleged an adverse action by Defendant. Plaintiffs have alleged that Mr. Booker was repeatedly prevented from mailing letters to Mrs. Booker as a result of constitutionally protected activity. The Court specifically incorporates the Magistrate Judge's discussion of this issue into this Order by reference and does not repeat her well-reasoned analysis. *See* ECF No. 49 at 10–12.

## CONCLUSION

Based on the foregoing, the Court agrees with the recommendations of the Magistrate Judge as modified. Defendant's Motion to Dismiss is **GRANTED in part** as to Ms. Booker's retaliation claim and any claims against Defendant in her official capacity and **DENIED in part** as Plaintiffs' First Amendment Claims and Mr. Booker's First Amendment retaliation claim.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 28, 2023
Spartanburg, South Carolina