IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Patrick L. Booker, Jennifer L. Booker, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Nancy Merchant, *Mailroom Director* )<br>*of Perry Correctional Institution*, )<br>)<br>Defendant. ) | Case No. 2:22-cv-02179-JDA<br><br>**OPINION AND ORDER** |

This matter is before the Court on a motion for summary judgment filed by Defendant. [Doc. 89.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

On July 1, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendant's motion be granted.[1] [Doc. 106.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 17.] On July 25, 2024, Plaintiffs filed objections to the Report. [Doc. 111.] Defendant filed a reply on August 8, 2024 [Doc. 112], and Plaintiffs filed a sur reply on August 22, 2024 [Doc. 115].

---

[1] The Report and corresponding docket text contains a scrivener's error that states that Defendant's motion to dismiss, not motion for summary judgment, should be granted. [Doc. 106 at 15.] The citation included is to Defendant's motion for summary judgment at issue. [*Id.*]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Magistrate Judge recommends granting Defendant's motion for summary judgment because Plaintiffs failed to forecast evidence that created a genuine dispute of material fact concerning whether Defendant violated Plaintiffs' constitutional rights.[2] [Doc. 106 at 9–15.] Specifically, the Magistrate Judge concluded that Defendant's conduct is, if anything, more analogous to isolated instances of mail mishandling than it

---

[2] The Magistrate Judge also recognized that Plaintiffs have moved to disqualify the undersigned from the case but concluded that there is no basis for disqualification here. [Doc. 106 at 14–15.] Plaintiffs do not object to this recommendation by the Magistrate Judge. [*See generally* Doc. 111.] Having reviewed the Report, the record in this case, and the applicable law, the Court finds no clear error. Thus, the Court accepts the Report with respect to Plaintiffs' request to disqualify the undersigned and incorporates those portions of the Report by reference.

is to the severe misconduct that often exists in cases where summary judgment has been denied for First Amendment violations. [*Id.* at 13.]

In their objections, Plaintiffs generally argue that the Magistrate Judge failed to view the facts in the light most favorable to Plaintiffs[3] and incorrectly weighed the evidence in favor of Defendant. [Doc. 111.] Plaintiffs contend that there are several material facts in dispute, including whether Defendant had previously allowed Mr. Booker to send mail from the Restricted Housing Unit ("RHU") using stamped envelopes and only began to obstruct his use of the stamped envelopes after he threatened to take legal action against her. [*Id.* at 11 & n.12.] Finally, Plaintiffs argue that because Judge Coggins, in ruling on Defendant's motion to dismiss, allowed Plaintiffs' claims for violation of their First Amendment rights and Mr. Booker's First Amendment retaliation claim to move forward, the "law of the case" doctrine prevents the Court from dismissing those claims. [*Id.* at 1–3, 24, 26–27.]

The Court concludes that Plaintiffs' objections, liberally construed, fail to specifically address the Report's findings and recommendations. The Report concluded that, even when the evidence is construed in the light most favorable to Plaintiffs, the record evidence merely shows a limited, temporary obstruction of personal mail that does

---

[3] Throughout their objections, Plaintiffs also argue that the Magistrate Judge was required to "accept as true" Plaintiffs' version of the facts. [*See, e.g.*, Doc. 111 at 2, 5, 6 n.8, 9 & n.10, 10, 14.] The Court notes that Plaintiffs incorrectly cite the standard for evaluating a motion to dismiss, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and that the Magistrate Judge properly treated Plaintiffs' verified Amended Complaint [Doc. 40] as an opposing affidavit to the motion for summary judgment but nevertheless determined that Plaintiffs' claims do not amount to a constitutional violation. [*See* Doc. 106 at 11–13.] Accordingly, Plaintiffs' objections to the Magistrate Judge's failure to accept Plaintiffs' version of the facts as true are overruled.

not amount to a constitutional violation.  [Doc. 106 at 12.]  In their objections, Plaintiffs make conclusory arguments that the Magistrate Judge failed to address factual disputes but do not actually cite any relevant[4] factual disputes that the Magistrate Judge improperly resolved.  For example, Plaintiffs argue that the Magistrate Judge made a finding of fact in Defendant's favor by disregarding the factual dispute of whether Defendant had previously allowed Mr. Booker to send mail from RHU using stamped envelopes.  [Doc. 111 at 11 & n.12.]  However, in addressing this factual issue, the Magistrate Judge concluded that "[e]ven assuming Defendant had allowed inmates in RHU to use embossed envelopes on occasion prior to July of 2019, her confusion about the applicable SCDC Policy is evident in the record."  [Doc. 106 at 12.]  Thus, whether Defendant had previously allowed Mr. Booker or others to use embossed envelopes while in RHU is not a *material* fact at issue and does not change the Magistrate Judge's conclusion that "[t]here is no evidence that Mr. Booker was unable to mail the embossed envelopes at issue to Mrs. Booker after September 4, 2019, or that Plaintiffs were otherwise injured by the temporary obstruction of these specific envelopes."  [*Id*. at 13.]  Finally, the "law of the case" doctrine does not bar dismissal here because the standard

---

[4] Plaintiffs argue that evidence that Defendant informed Mr. Booker that he was authorized to use stamped envelopes issued by the Chaplain's office undermines her defense [Doc. 111 at 18–20] and that the Magistrate Judge ignored evidence establishing a constitutional violation by failing to conduct a qualified immunity analysis [*id*. at 21–23]. The Court concludes that these objections are irrelevant and do not address the substantive findings of the Report for the reasons stated in Defendant's reply [*see* Doc. 112 at 5–6].  Plaintiff also argues that the Magistrate Judge improperly weighed the evidence by concluding in her Report that a reasonable Department of Corrections employee would not have known that Defendant's conduct violated Plaintiffs' First Amendment rights [Doc. 111 at 4, 10], but the Magistrate Judge was merely restating one of Defendant's arguments [*see* Doc. 106 at 14 n.4] and Plaintiffs' objection is accordingly overruled.

4

of review at the summary judgment stage differs from the standard of review at the pleading stage. *See Graves v. Lioi*, 930 F.3d 307, 317 (4th Cir. 2019) ("There is . . . nothing remarkable in concluding that some plaintiffs whose claims survive a motion to dismiss are unable to meet their burden to survive summary judgment.").

Nevertheless, out of an abundance of caution for the pro se parties, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Defendant's amended motion for summary judgment [Doc. 89] is GRANTED and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

January 15, 2025
Charleston, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.